[S. F. No. 10198.  In Bank.—October 11, 1922.]

ELLIOTT WHITEHEAD, Petitioner, v. JOHN L. DAVIE et al., Respondents.

[1] MUNICIPAL CORPORATIONS—RETIREMENT AND PENSION OF MEMBERS OF OAKLAND FIRE DEPARTMENT—CHARTER PROVISION RETROACTIVE. Section 102 of article XV of the charter of the city of Oakland (Stats. 1911, p. 1364), providing for the retirement on a pension of members of the fire department after twenty-five years of service and after twenty years if the member has attained the age of fifty-five years, is retroactive, and service prior to such enactment is to be included in computing the required period.

[2] ID.—CHIEF OF FIRE DEPARTMENT—REAPPOINTMENT AS BATTALION CHIEF—COMPUTATION OF PERIOD OF SERVICE.—Where a member of the fire department of the city of Oakland was reappointed battalion chief after service as chief of the department, the period of service as chief should be taken into consideration in determining the aggregate period of service to entitle him to retirement on a pension under section 102 of article XV of the charter.

[3] ID.—HOLDING OF TWO OFFICES—FIRE CHIEF—ELIGIBILITY TO APPOINT AS BATTALION CHIEF—CHARTER.—Section 38 of the charter of the city of Oakland providing that no person holding any office, position or employment under the city government shall be eligible to or hold any other elective or appointive office under the city

---

1. Power of legislature to require municipality to pension employees, notes, Ann. Cas. 1912C, 545; Ann. Cas. 1918D, 454; 34 L. R. A. (N. S.) 608.

government, does not make the chief of the fire department ineligible to appointment as battalion chief.

[4] ID.—APPOINTMENT OF FIRE CHIEF—EXEMPTION FROM CIVIL SERVICE—CHARTER.—Under the provisions of sections 73 and 80 of article XIII and section 30 of the charter of the city of Oakland, the chief of the fire department may be appointed without reference to civil service rules and classification.

[5] ID.—AMOUNT OF PENSION—BASIS OF RANK—CHARTER.—A day one year before the application for retirement is fixed by section 102 of article XV of the charter of the city of Oakland as the basis of rank for retirement in order to prevent a retirement soon after a promotion.

APPLICATION for a Writ of Mandate to compel the making of an order for retirement and pension of a fire department chief. Granted.

The facts are stated in the opinion of the court.

Fitzgerald, Abbott & Beardsley for Petitioner.

Leon E. Gray and Markell C. Baer for Respondents.

WILBUR, acting C. J.—The petitioner having served twenty-five years in the fire department of the city of Oakland, from and after May 12, 1896, applied on October 17, 1921, to the respondents for an order retiring him upon half the pay of the chief of the fire department, a position he held one year before the application for retirement. The respondents having refused the application, petitioner seeks a writ of mandate to compel the making of such order. The petitioner began his connection with such department as an extra man. On July 1, 1915, he was appointed chief of the fire department and served until July 1, 1921, when he was appointed battalion chief, the position which he occupied at the time of his advancement to the position of chief of the fire department. He continued to serve as battalion chief and while such chief made his application for retirement and pension. It is contended that the provisions of article XV, section 102 of the Oakland charter (Stats. 1919, p. 1364) are not retroactive, and therefore petitioner, not having served twenty-five years from and after the date of the adoption of the amendment to the charter, is not entitled to retirement under this section.

It is not disputed that the legislature had power to make provision for retirement based in part upon service rendered before the adoption of the statute or charter, and it is clear that this must be true where service is rendered after the adoption of the provision for retirement, for such pension plan operates as an increase of compensation for services performed after the time of the enactment of the law authorizing pensions. In other words, if a man who has served twenty years is informed by statute that if he serves five years more he will receive a pension, in effect he is induced to perform such service by the fact that his compensation for five years' service is increased to that extent (*Hammitt* v. *Gaynor*, 144 N. Y. Supp. 123; *People* v. *Abbott*, 274 Ill. 380 [Ann. Cas. 1918D, 450, 113 N. E. 696]; *State* v. *Love*, 89 Neb. 149 [Ann. Cas. 1912C, 542, 34 L. R. A. (N. S.) 607, 131 N. W. 196].) Whether such pension could be granted to one who had already completed the term of service and who was thus entitled to immediate retirement without the performance of additional services, is a question not involved in this case, for the petitioner had not completed his twenty-five years' service at the time of the adoption of the amendment to the charter in 1919.

Soon after the petitioner became a member of the Oakland fire department a law was passed providing for a pension scheme for members of such department (Stats. 1901, pp. 101, 102). This statute reads:

"Sec. 3. Whenever any person *at the taking effect of this act*, or thereafter, shall have been duly appointed or selected and sworn, and shall have served for twenty years or more, in the aggregate, as a member in any capacity or any rank whatever of the regularly constituted fire department of any such county, city and county, city or town, . . . said board may, *if it see fit*, order and direct that such person be retired from further service in such fire department, and from the date of the making of such order the service of such person in such fire department shall cease, and such person so retired shall thereafter during his lifetime be paid from such fund a yearly pension. . . . " (Italics ours.)

Thus, by the terms of section 3 twenty years' service either before or after, or in part before and after the

passage of the law, authorized the board to retire a member of the department if it saw fit so to do. In 1905 (Stats. 1905, p. 412) a new law was enacted to take the place of the statute of 1901, authorizing the board to retire any person after such person became sixty years of age who at the time of the taking effect of the act or thereafter shall have served twenty years as a member of the department. It was provided in the law of 1905 that relief and pension funds on hand should be paid into and constitute a part of the fund to be paid out under the law of 1905.

The Oakland charter of 1911 provided for the continuance of the existing municipality (art. I, sec. 1) and for the assumption by it of ''all the duties and obligations now pertaining to or incumbent on said city as a corporation, not inconsistent with the provisions of this Charter'' (art. I, sec. 2). It also provides for the retention in the fire department of all members appointed prior to September 1, 1910, in good standing at the time the charter goes into effect (art. XV, sec. 97), and that new appointees shall not be less than twenty-one nor more than thirty-five years of age (sec. 98). It is also provided that all lawful regulations in force at the time the charter takes effect and not inconsistent with the provisions thereof are continued in force (art. XXIV, sec. 198). It also provided (art. XV, sec. 102, Stats. 1911, p. 1613) that the trustees of the pension fund might relieve any aged, infirm or disabled member of the department who had arrived at the age of fifty-five years after an examination showing that they are unfit for the performance of duty, and further provides:

''Said board of trustees shall at the request of any member of the department who has arrived at the age of fifty-five years, retire and relieve such member making such application. . . . No such pension shall be paid unless such person has been an active member of the department for twenty years in the aggregate preceding his retirement, and the same shall cease at his death.''

In 1919 the charter was amended in this respect so that it now provides that the trustees shall, upon the request of any member of the fire department who has served twenty-five years in the aggregate, retire and relieve said

member making such application. (Stats. 1919, pp. 1369–70.)

The new provision authorizes retirement after twenty-five years of service even if the member of the department has not attained the age of fifty-five years, but if he has attained such age he is then entitled to retirement after only twenty years of service in the department.

[1] In view of the fact that the charter provisions under consideration are but modifications of existing laws entitling the members of the fire department of Oakland to retirement after twenty or twenty-five years of service, as the case may be, it is clear that the charter provision as to service was intended to be retroactive. To hold otherwise would be to deprive the members of the department of compensation by way of pension, given to them by the law under which they performed services. Such a construction should not be adopted unless the intent to commit such injustice is clear. It is true that the charter of 1911 did not permit retirement until the age of fifty-five was attained after twenty years of service, and that the amendment of 1919 permits retirement after five more years' service even if the age of fifty-five is not yet attained, and that the petitioner who has not yet attained the age of fifty-five is thus entitled to a benefit not accorded to him under the charter of 1911, but this change does not justify the conclusion that in this specific case the period of service is to date from the adoption of the amendment and all others from the beginning of their actual service. The period of twenty-five years, therefore, dates from the beginning of service.

[2] It is claimed, however, that the reappointment of the petitioner to the position of battalion chief was not justified under the civil service rules, and that, therefore, the period he has occupied this position should not be taken into consideration in determining whether or not the petitioner has served twenty-five years in the fire department. Under the charter the position of chief of the fire department is not under the classified service and the appointment may be made without reference to civil service rules. The practice under the rules adopted by the civil service commission has been to grant a leave of absence to a member of the fire department whom it was

desired to appoint as chief of the department and to continue such leave of absence from time to time by extension thereof, so that the chief should be deemed to hold his position of battalion chief so far as the civil service rules are concerned.

It is contended that the effect of this arrangement is to permit the chief of the fire department to hold two offices at the same time, that of chief of the fire department and that of battalion chief. This suggestion entirely overlooks the purpose of the so-called leave of absence and the civil service rules with relation thereto. These rules mean nothing more or less than that during the period while the battalion chief is acting as chief of the fire department, and thus continues as a member of the department, his position of battalion chief shall be deemed to be temporarily filled by his successor, and he retains the right to permanently occupy that place whenever his incumbency as chief of the fire department is terminated. The chief of the fire department did not hold two positions or draw two salaries or perform the duties of the two officers because of such leave of absence. The civil service rule in question is merely for the purpose of establishing that the chief of the fire department is continuously eligible to reappointment as a permanent battalion chief and also that his successor is appointed to fill a vacancy in that permanent employment existing by reason of the temporary transfer of the battalion chief to the higher office of chief of the fire department. So far as the charter provision concerning the retirement of officers of the fire department is concerned (art. XV, sec. 102), the service of the petitioner was continuous in the fire department; his reinstatement in or reappointment to the position of battalion chief is authorized by civil service rules which permit the chief of the fire department to retain his civil service standing during his employment in a nonclassified position in the department.

[3] It is claimed that the provisions of section 38 of the charter make the chief of the fire department ineligible to appointment as a battalion chief. This provision reads as follows:

"No person holding any office, position or employment under the city government shall be eligible to or hold any

other elective or appointive office under the government of the City of Oakland, . . . ''

This section merely prohibits an officer from holding two offices at the same time. When he relinquishes one office he is eligible to any other office.

[4] It is claimed that the rules of the civil service board permitting the granting of leave of absence to a member of the fire department to accept the position of chief of the fire department is in excess of the jurisdiction and power of the civil service commission. This position cannot be maintained. Section 73 of article XIII of the charter provides as follows:

''The board shall make rules to carry out the purposes of this article, and for examinations, appointments *and promotions*. All rules and all changes therein shall be forthwith printed by the board for distribution.'' (Italics ours.)

Section 80 of the same article provides that the provisions of the article shall apply to all appointed officers and employees of the city in or under any of the departments enumerated in section seventy-two of this charter, except the following: ''The chief officials of the city enumerated in section thirty of this charter; . . . ''

Section 30 of the charter enumerates among others: ''A chief of the fire department.''

It is clear under these provisions of the charter that the chief of the fire department may be appointed without reference to civil service rules and classification, and this is, no doubt, the purpose of the exception in section 80 above quoted. It is also true that the advance of any member of the fire department to the position of chief of the department is a promotion of such member of the fire department, and therefore, as such member is under the classified list, the civil service board have power to consider the effect of such promotion upon his standing as a member of the fire department, for to do so is to regulate the subject of promotion in the classified list of the fire department. In pursuance of these provisions of the charter the civil service commissioners have in effect provided by rule that the promotion of a member of the department to the position of chief of the department shall not be deemed to vacate permanently the office held by him under the classi-

fied civil service, but that so far as that office is concerned the period of such incumbency shall be deemed a mere temporary absence from the civil service position.

It follows that the transfer of the petitioner from the civil service position to that of chief of the fire department did not break the continuity of his service in the fire department and did not operate to prevent his returning to his civil service position upon the termination of his incumbency as chief of the department.

[5] We are next required to consider the effect of the last sentence in section 102 of the charter as amended in 1919, found on page 1370 of the Statutes of 1919: "Such retired member shall receive from the Fireman's Relief and Pension Fund a pension equal to one-half of the salary attached to the rank held by him one year prior to the date of said retirement, which pension shall be paid in equal monthly installments and shall cease at the death of such member." The question is whether he is to be paid one-half of the salary of chief of the fire department, that being the rank held by him October 17, 1920, a date one year previous to his application for retirement; or whether he should be paid only upon the basis of a rank held continuously for one year previous to his retirement. On the whole it is clear that a day one year before the application for retirement is fixed by the charter as the basis of rank for the retirement in order to prevent a retirement soon after a promotion.

The decision of the district court of appeal, first district, division two, in *Rumetsch* v. *Davie,* 47 Cal. App. 512 [190 Pac. 1075], holds that the pensioner is to be retired with the rank held one year before the date of retirement and with one-half the pay attached to that *rank* at the time of retirement. That question is not involved here, for the pay of chief of the fire department was the same October 17, 1920, and October 17, 1921. That decision accords with our view that the rank held October 17, 1920, fixes the rank of petitioner for the purpose of retirement, although certain statements in the opinion would indicate that the rank must be held for the year immediately preceding the retirement, but this question was not involved in that case.

Let the writ issue as prayed.

Waste, J., Sloane, J., Shurtleff, J., Lennon, J., and Lawlor, J., concurred.