[Civ. No. 4056.   Fourth Dist.   May 3, 1950.]

THOMAS B. BAIRD, Appellant, v. CITY OF FRESNO
et al., Respondents.

Loren A. Butts and Samuel F. Hollins for Appellant.

C. M. Ozias, City Attorney, for Respondents.

MUSSELL, J.—Action for declaratory relief. Plaintiff in the instant action prays for a judgment determining that he has been duly and regularly retired on a pension by order of the pension board of the city of Fresno, and that in the event it be determined that the action of the pension board was illegal and void, it then be decreed that he is the duly appointed chief engineer of the fire department of the city and entitled to be

paid the salary incident to his employment. The judgment of the trial court was for the defendants and plaintiff appeals.

## FACTS

Plaintiff was appointed a member of the fire department of the city of Fresno on February 8, 1900. He occupied various positions in the department until October 13, 1913, when he was placed on inactive duty by reason of injuries received in the performance of his duty. His retirement for disability was ordered pursuant to the provisions of Act 2592, 1 Deering's General Laws, entitled: ''An act to create a firemen's relief, health and life insurance and pension fund in several counties, cities and counties, cities, and towns of the state.'' Plaintiff remained on inactive duty until November, 1922, at which time he was restored to active duty and appointed engineer of the fire department. He served in that capacity until July 1, 1928, and on that date was retired to inactive duty by order of the city pension board. The retirement order was made pursuant to the provisions of Ordinance No. 1415 of the city and was effective as of July 1, 1928. The amount of the pension as ordered by the board was $63\frac{1}{3}$ per cent of the salary attached to the position of chief engineer and the pension was paid to plaintiff regularly from July 1, 1928, to June 1, 1949. Payment by the city was then discontinued and the instant action was commenced.

It is the contention of plaintiff that the trial court erred in finding and determining that plaintiff did not serve in the Fresno fire department a sufficient length of time to qualify for a service pension and that the period when plaintiff was on inactive duty (October 13, 1913, to November 3, 1922) could not legally be included in computing the time of his service. Defendants do not contend that plaintiff's length of time served is insufficient if the nine-year period was legally included therein.

The pertinent provisions of Act 2592, 1 Deering's General Laws, pursuant to which plaintiff was placed on inactive duty in 1913 are as follows:

''Section 8. Examination of firemen retired for disability. Any person retired for disability under this act may be summoned before the board herein provided for at any time thereafter, and shall submit himself thereto for examination as to his fitness for duty, and shall abide the decision and order of such board with references thereto; and all members of the fire department force who may be retired under the provisions

of this act shall report to the chief of the fire department of the county, city and county, city, or town where so retired, and on the first Mondays of April, July, October, and January of each year; and in cases of great public emergency may be assigned to and shall perform such duty as said chief of the fire department may direct; and such persons shall have no claim against the county, city and county, city, or town, for payment for such duty so performed.''

▉ Where, as here, plaintiff rendered services under the pension statute, its provisions became a part of the contemplated compensation for such services and was a part of the contract of employment itself. (*O'Dea* v. *Cook,* 176 Cal. 659, 661 [169 P. 366]; *Kern* v. *City of Long Beach,* 29 Cal.2d 848, 851, 852 [179 P.2d 799]; *Snyder* v. *City of Alameda,* 58 Cal. App.2d 517, 519 [136 P.2d 857].)

Under the terms of the statute and contract, plaintiff was required to submit himself from time to time to the board for examination as to his fitness for duty and to abide the decision and order of the board with reference thereto. He was at all times subject to the orders of the chief of the fire department, was a member thereof, and was required in cases of public emergency to perform such duties as the chief of the fire department might direct. He was still in the service of the city when retired on pension by reason of physical disability. (*Aitken* v. *Roche,* 48 Cal.App. 753 [192 P. 464].)

The pertinent provisions of city ordinance No. 1415, pursuant to the terms of which plaintiff was retired from service on July 1, 1928, are as follows:

''After any member of the police or fire department shall have served twenty-five (25) years in the aggregate, such member shall, as a matter of right, be entitled on his application to retirement on a pension. . . . Upon receipt of such application, it shall be the duty of the pension board to investigate the same and in its discretion to grant or deny such application. . . . In determining the period of service necessary to render any member eligible for a pension under the provisions hereof, aggregate service only shall be considered dating from the date when the member was actually confirmed as a member of either the police or fire department. Such aggregate service need not be continuous and may be as a member of either or both departments and any rights acquired by service shall not be lost by reason of resignation or withdrawal from the department except as otherwise expressly provided.''

It is admitted by counsel for the defendants that the appli-

cation filed by the plaintiff with the pension board was in due form. After the receipt of said application, the matter was duly investigated by the board. A resolution ordering the pension was passed and contained a recital ''That the said Thomas Baird has served as a member of the fire department for 28 years and is by reason of said service entitled to retirement on pension.'' It was further resolved that the plaintiff was thereby retired to inactive service on a pension in the amount of 63⅓ per cent of the salary attached to the rank or position held by him.

It is apparent that the defendant city, by the terms of the ordinance, vested the pension board with discretion to grant or deny plaintiff's application and the only limitation placed upon the exercise of that discretion in determining the period of service necessary to render plaintiff eligible for pension was that aggregate service only should be considered and that such aggregate service need not be continuous.

In *Mogan* v. *Board of Police Commrs.*, 100 Cal.App. 270, 273 [279 P. 1080], a general rule is stated that:

''Whenever any person or persons have authority to hear and determine any question, their determination is, in effect, a judgment having all the incidents and properties attached to a similar judgment pronounced in any regularly created court of limited jurisdiction acting within the bounds of its authority.''

This rule is approved in *McColgan* v. *Board of Police Commrs.*, 130 Cal.App. 66, 68, 69 [19 P.2d 815]. However, it is stated in *Peters* v. *Sacramento City E. R. System,* 27 Cal. App.2d 10, 17 [80 P.2d 179]:

''There are many cases where the court has given relief where the action of the board or tribunal has been founded upon unsubstantial testimony which was insufficient upon which to base a finding even though the board or tribunal was vested with discretionary authority.''

It was also stated, on page 16, that where there was no substantial evidence to support the conclusion reached by the retirement board, it had no facts upon which to base the conclusion reached. Hence it exercised no discretion and having acted contrary to the undisputed facts, its action was treated and considered as arbitrary.

In *Brooks* v. *Pension Board,* 30 Cal.App.2d 118, 121 [85 P.2d 956], where a municipal pension ordinance provided for a pension in case a police officer or fireman was retired from

actual work because of a disability resulting from bodily injury or illness and where such officer was required to remain a member of the department subject to recall and restoration to active duty depending upon the condition and continuance of his disability, it was held that where the determination of the question of such officer's right to pension was left to the discretion of the pension board, its determination should not be disturbed unless the exercise of such discretion was abused.

In the instant case, the defendant city having vested the pension board with the authority to grant or deny plaintiff's application, and having approved the granting thereof by a payment of the pension in accordance with the determination of the board for almost 20 years, now seeks to repudiate its action and declare the findings of the board illegal.

It is not necessary to here decide whether the determination of the pension board has the force and finality of a judgment but we deem such determination to be of importance in passing upon the equities involved and the construction to be placed upon the terms of the pension contract.

In the case of *Palaske* v. *City of Long Beach,* 93 Cal.App.2d 120 [208 P.2d 764], the court considered as evidence the custom of the pension commissioners of the city to submit all legal questions concerning the pension provisions of the city charter and all doubtful pension claims to the city attorney for an opinion and held that a practice pursuant to opinions rendered by the city attorney to include time spent on vacation, sick leave and leave of absence on furlough in computing aggregate length of service for granting retirement pensions was, while not controlling upon the court, entitled to great weight, particularly when long acquiesced in. There, as here, formal rules or regulations with respect to granting or denying pension claims had not been adopted. It was there said, at page 129:

"It was necessary for the board to determine the meaning of the phrase 'aggregate service.' This it did, acting upon the advice of the city attorney. Its contemporaneous construction of the law it was charged with administering, while not controlling upon the courts, is entitled to great weight, particularly when long acquiesced in."

It is presumed that public officers have regularly performed their duties. Such a presumption is evidence. (*Los Angeles Athletic Club* v. *Long Beach,* 128 Cal.App. 427 [17 P.2d 1061]; *People* v. *Siemsen,* 153 Cal. 387 [95 P. 863].)

It is well settled that pension statutes are liberally con-

strued. (*Dillard* v. *City of Los Angeles,* 20 Cal.2d 599, 602 [127 P.2d 917]; *Hurley* v. *Sykes,* 69 Cal.App. 310 [231 P. 748]; *Klench* v. *Board of Pension Fd. Commrs.,* 79 Cal.App. 171 [249 P. 46]; *Whitehead* v. *Davie,* 189 Cal. 715 [209 P. 1008]; *Jackson* v. *Otis,* 66 Cal.App. 357, 360 [225 P. 890]; *Aitken* v. *Roche,* 48 Cal.App. 753, 760 [192 P. 464]; *O'Dea* v. *Cook,* 176 Cal. 659 [169 P. 366].)

As was said in the case of *Hurley* v. *Sykes, supra,* at pages 316 and 317:

". . . In ascertaining the intent and meaning of the charter provision a liberal construction should be indulged in to carry out the beneficial purposes aimed at. (*O'Dea* v. *Cook,* 176 Cal. 659 [169 P. 366]; *Aitken* v. *Roche,* 48 Cal.App. 753 [192 P. 464].) The spirit of these provisions is to protect all members of the fire department in the benefits which the fund insures, and they should not be narrowed by any strict or technical construction but should be interpreted on broad principles. . . ."

Also, in the case of *Snyder* v. *City of Alameda,* 58 Cal. App.2d 517, 520 [136 P.2d 857], which was a pension case, the court, speaking in reference to the construction of statutes, said:

"(3) Moreover it is a well established rule of statutory construction that where the language of a statute is susceptible of two constructions, one of which in its application will render it reasonable, fair and harmonious with its manifest purpose, and another which would be productive of absurd consequences, the former construction will be adopted. (Citing cases.)"

The construction placed upon the provisions of the pension contract by the city is of importance in considering the question before us. (*People* v. *Southern Pac. Co.,* 209 Cal. 578, 595 [290 P. 25].)

As was said in *Loomis F. G. Assn.* v. *California F. Exch.,* 128 Cal.App. 265, 275 [16 P.2d 1040]:

"The principle that parties should be bound by the construction placed upon a contract by a long course of conduct is eminently just and fair, and, we think, amply supported by the authorities. (6 Cal.Jur., p. 306; *Alexander* v. *Walling,* 105 Cal.App. 525 [288 P. 138]; *Retsloff* v. *Smith,* 79 Cal.App. 443 [249 P. 886]; *Kennedy* v. *Lee,* 147 Cal. 596 [82 P. 257].)"

The defendant city has not questioned the action of the pension board for almost 20 years. Plaintiff filed his application for a pension at the request of the mayor of the

city of Fresno. At the time of the hearing on the verified petition for the pension, the board had before it an opinion filed by the then city attorney to the effect that the nine-year period in question should be included in a computation of plaintiff's time of service. The city attorney was also a member of the board and it is apparent that the board was fully advised of the question as to the inclusion of the nine-year period in computing plaintiff's time of service. These circumstances clearly indicate that both parties to the pension contract placed a definite construction upon the provisions relating to the computation of plaintiff's time of service. To now construe the contract contrary to the intention of the parties under the facts here shown, would result in a hardship and injustice to plaintiff. Such a construction is not favored. (*People* v. *Ventura Refining Co.*, 204 Cal. 286 [268 P. 347, 283 P. 60].)

Ordinarily, a governmental agency may not be estopped by the conduct of its officers and employees but there are many instances in which an equitable estoppel in fact will run against the government where justice and right require it. (*Farrell* v. *County of Placer*, 23 Cal.2d 624, 627 [145 P.2d 570, 153 A.L.R. 323].)

The evidence before us shows that plaintiff was told by the commissioner of public safety and welfare, who was head of the police and fire departments, that he was entitled to his pension and should apply for it and retire. Plaintiff was informed by the city attorney that he was entitled to the pension and testified that he would not have filed his application had it not been for the statements of the mayor.

It also appears that plaintiff at the time of his retirement was 46 years of age. Had there been any doubt as to the meaning of Ordinance No. 1415, which is now before us for consideration, plaintiff could have served out his 25 years in active service.

In our opinion, to hold that the city is entitled to question the action of the pension board taken in 1928 would result in an injustice to the plaintiff.

We conclude that the rule announced in the Farrell case, *supra*, is applicable here and that the defendant is now estopped to deny the action of its board in approving plaintiff's application and granting him a pension.

We conclude also that the city, having invested the pension board with the discretion to grant or deny plaintiff's application after investigation, the determination of the pen-

sion board relied upon for many years by both the city and plaintiff should not now be set aside under the circumstances herein shown.

The judgment is reversed.

Griffin, Acting P. J., and Shepard, J. pro tem., concurred.