(No. 32849.—

The City of Chicago, Appellee, *vs.* Sam Sachs *et al.*— (Rogers Park Playschool, Inc., Appellant.)

*Opinion filed November 18, 1953.*

LEONARD J. BRAVER, of Chicago, for appellant.

JOHN J. MORTIMER, Corporation Counsel, of Chicago, (L. LOUIS KARTON, and JOHN. L. STEFFENS, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The city of Chicago brought a *quasi*-criminal proceeding in the municipal court of Chicago against Rogers Park Playschool, Inc., charging that it violated the Municipal Code in operating a prekindergarten play school in an area zoned as an apartment-house district. The court found defendant guilty, and imposed a fine of $100. Defendant appeals directly to this court, the trial court having certified that the validity of an ordinance is involved.

Defendant's school accepts children between three and five years of age, and has an enrollment of approximately thirty. Five instructors are employed, and the children are taught and guided in the use of materials, and in music, art and group activities. The school is located in an area designated as an apartment-house district. Under the terms

of the ordinance, uses permissible in such districts include grade or high school, apartment house, boarding or lodging house, hotel, hospital, home for dependents or nursing home, boarding school, vocational school, college or university, club, fraternity or sorority house, and a number of other specified uses. A prekindergarten or nursery school is not explicitly mentioned in the ordinance, however, and plaintiff contends that since it is not the kind of school expressly permitted under the ordinance the judgment of the municipal court must be affirmed. Defendant insists, first, that as the ordinance allows grade schools it should be construed to permit, by implication, nursery schools as well. It is secondly urged that if the use of the premises for such purpose is not permissible under the zoning ordinance the latter is unreasonable, arbitrary and void.

Examination of the ordinance reveals that it expressly lists the sole uses to which property in the area may be devoted. It goes into much detail and was apparently intended to be specific. We cannot conclude, therefore, that a use not specified is nevertheless permitted by implication. Nor does a nursery school, or prekindergarten school, fall within the commonly understood meaning of the term "grade school." The accepted definition of grade school is "A school divided into successive grades" (Webster's New International Dictionary, 2nd ed.,) and defendant's school is not so divided.

The remaining issue, therefore, is whether the ordinance as applied to the use in question is arbitrary, unreasonable and void. Cities have the power, through proper zoning ordinances, to impose reasonable restraints upon the use of private property. But in exercising such power they must employ classifications which bear a substantial relation to the public health, safety, or welfare. If such a relationship is not present the ordinance will be declared invalid. (*Catholic Bishop of Chicago* v. *Kingery,* 371 Ill. 257.) Even though a zoning ordinance might well be valid

in its general aspects, it may, when applied to a particular piece of property and a particular set of facts, be so arbitrary and unreasonable as to result in confiscation of the property. (*Johnson* v. *Village of Villa Park,* 370 Ill. 272.) In cases of that kind the ordinance, as applied to the designated real estate, is void. Such is the situation in the case at bar. Under this ordinance defendant's property might be used for a grade school, high school, boarding school, vocational school, college, or university. We fail to see how a prekindergarten or nursery school is more detrimental to public health, safety, or welfare than is a grade school, for example; or, indeed, how it can be considered objectionable at all in an apartment-house district. In any event, the possibility of noise and disturbance, suggested in plaintiff's brief, would be equally present in the operation of other schools permitted by the ordinance, and cannot afford any basis for a difference of treatment.

We have recently observed that a zoning ordinance cannot "effect an arbitrary discrimination against the class on which it operates by omitting from its coverage persons and objects similarly situated. Statutory classifications can only be sustained where there are real differences between the classes, and where the selection of the particular class, as distinguished from others, is reasonably related to the evils to be remedied by the statute or ordinance." (*Ronda Realty Corp.* v. *Lawton,* 414 Ill. 313.) Similarly, an ordinance cannot be sustained which permits designated uses of property while excluding other uses not significantly different. As applied to defendant's property under the present circumstances, the ordinance is capricious and unreasonable, and is therefore invalid.

The judgment of the municipal court of Chicago is reversed.

*Judgment reversed.*