This is a companion case to that of Sellers v. State, Tex.Cr.App., 294 S.W.2d 813, appellant's punishment for the violation of Art. 1436b, § 1, V.A.P.C., having been assessed at one and one-half years confinement in the penitentiary.

The evidence is in all respects similar to the companion case, Appellant Parker also having signed a confession which was introduced in evidence.

No question is presented on this appeal other than those decided against appellant's contention in the Sellers case.

The judgment is affirmed.

DAVIDSON, Judge (dissenting).

My dissent as recorded in the Sellers case, Tex.Cr.App., 294 S.W.2d 813, is adopted as my dissent here.

On Motion for Rehearing

MORRISON, Presiding Judge.

This is a companion case to Sellers v. State, Tex.Cr.App., 294 S.W.2d 813. The objectionable portion of the confession which was introduced in evidence over the appellant's objection in this case was as follows: "We mixed the mercury we got in Andrews County, Texas with the mercury we got in Lea County, New Mexico. We got the mercury from Lea County on the night of Sept. 28 or morning of Sept. 29, 1954."

The conclusion we have reached in the Sellers case is here controlling.

The appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.

WOODLEY, Judge (dissenting).

As in the Sellers case, the ground for the granting of appellant's motion for rehearing is not one upon which the appeal was predicated according to the brief and motion for rehearing of appellant's experienced and able counsel.

My views are expressed in the majority opinion on original submission and in my dissent in the Sellers case.

CITY OF GRAND PRAIRIE, Appellant,

v.

Ruth FINCH et vir, Appellees.

No. 15160.

Court of Civil Appeals of Texas.

Dallas.

Sept. 28, 1956.

852

June R. Welch, Grand Prairie, for appellant.

Hubert D. Wills and Arthur H. Waddell, Grand Prairie, for appellees.

DIXON, Chief Justice.

In a suit against Ruth Finch and her husband J. T. Finch the City of Grand Prairie, Texas, seeks an injunction to restrain appellee Ruth Finch from allegedly violating the city's zoning ordinance by operating a nursery, or "baby-sitting" business at the home of the appellees, 521 Shawnee Street, in a district zoned for single family dwellings. The trial court refused to grant the injunction. The city on appeal asks us to reverse the trial court's judgment and either to enjoin appellees from further violating the city's zoning ordinance, or to remand the cause with instructions to enter the judgment prayed for by appellant.

The particular provisions in the ordinance which the city says appellees are violating are as follows:

"Section 3. Use Districts. * * * no buildings or premises shall be used * * * for other than one or more of the uses assigned and allocated to same respectively as follows: (A) One Family or Single Family Dwelling District (1) One-Family Dwellings. (2) Public Park or Play Grounds. (3) Accessory buildings are permitted, including a private garage and servant's quarters * * *. (4) The uses customarily incident to any of the above uses when situated in the same dwelling and not involving the conduct of a business, including customary home occupations engaged in by the occupants of the dwelling and including also the office of a physician, surgeon, dentist, musician or artist when situated in the same dwelling used by such physician, surgeon, dentist, musician or artist as his or her private dwelling, but said incidental use shall never be permitted as principal use, but only as a secondary use when indispensably necessary to the enjoyment of the premises for any one of the uses permitted by this section and actually made of the premises, but not otherwise; * * *."

Violation of the ordinance is punishable by a fine not exceeding $100.

The trial court in its judgment made findings to the effect that (1) the city had "* * * produced no evidence showing by what authority this suit was prosecuted in the name of and on behalf of said City of Grand Prairie"; and (2) the "* * * City of Grand Prairie has produced no clear and convincing evidence which entitles said plaintiff to an injunction; * * *."

Upon request of appellant the court also filed separate findings of fact and conclusions of law. In these separate findings and conclusions the court made no mention of the matter of the authority by which the suit was prosecuted. .

The material portions of these separate findings and conclusions may be summarized as follows: (1) The principal use made of the property is as a home for appellees and their three children. (2) At the times herein involved Ruth Finch kept children for friendly neighbors in her home with the assistance of a maid, acting as "baby sitter" for mothers away from home at work, or otherwise engaged, said children being tended for varying hours at irregular intervals. (3) The zoning ordinance does not specify where a "baby-sitting" establishment may be operated; nor does it define "baby-sitting" or any other business prohibited in a single family dwelling; nor does it prohibit the use of any property in the city for a baby-sitting establishment. (4) The zoning ordinance permits "customary home occupations" to be carried on in "single family" zones. (5) "Baby-Sitting" is a "customary home occupation."

The court concluded that "baby-sitting," being a "customary home occupation," is exempt from the operation of the ordinance, and further, that the city had not made out a clear case warranting the granting of injunctive relief.

■ Appellant correctly states in connection with its point one that since appellees did not invoke Rule 12, Texas Rules of Civil Procedure, it was not necessary for appellant to prove the authority by which the suit was brought in behalf of the city. Cook v. City of Booker, Tex.Civ.App., 167 S.W.2d 232; Brite v. Atascosa County, Tex.Civ.App., 247 S.W. 878; Hess v. Webb, Tex.Civ.App., 113 S.W. 618; McQuillin on "Muncipal Corporations," Sec. 49.33. Ordinarily the finding in question would constitute reversible error, but under the circumstances presented in this case we must hold that the error was harmless. It is plain from the record that, notwithstanding the court's finding as stated in the written judgment, the case was tried and judgment rendered on the merits of the controversy. For that reason, and for other reasons which we shall hereinafter discuss, we have concluded that the finding of the court that appellant "produced no evidence show-

ing by what authority this suit was prosecuted in the name of and on behalf of said City * * *," does not require a reversal of the judgment.

We sustain the trial court's finding that appellant did not produce clear and convincing evidence entitling the city to an injunction. For one thing, the record is not clear as to whether appellee Ruth Finch charges a fee for her "baby-sitting" services. While we may strongly suspect that she does, we are not permitted to assume that she does. That is a fact which appellant had the burden of proving if appellees are to be enjoined from operating a business. But even if it were clearly shown that she does charge a fee, the evidence is sufficient to support the court's finding and conclusion that "baby-sitting" is a customary home occupation within the meaning of the ordinance.

In our opinion the ordinance is ambiguous. That its terms are not clear is shown by the conflicting interpretations put upon it by the parties to this controversy. For example the parties disagree as to the effect of the phrases, "including customary home occupations engaged in by occupants of the dwelling and including also the office of a physician, surgeon, dentist, musician, or artist when situated in the same dwelling used by such physician, surgeon, dentist, musician, or artist as his or her private dwelling * * *." Appellant contends that the above quoted language modifies the word "business," hence the activities described are expressly prohibited in single family dwelling districts. On the other hand appellees contend that the quoted language modifies the phrase, "The uses customarily incident to any of the above uses * * *," hence the activities described are expressly permitted in single family dwelling districts.

Appellees further argue that since the word "business"—a word of many and varying meanings—is not defined in the ordinance, its meaning as used in the ordinance may be understood only from a study

of the context; and then the ordinance will properly be interpreted not to include a home nursery as a business.

The ordinance in question, being in derogation of common law, must be construed strictly and all uncertainties resolved against parties seeking its enforcement. Texas Co. v. Grant, 143 Tex. 145, 182 S.W.2d 996, at page 1000. When so construed we believe that the ordinance does not prohibit the operation of a children's nursery in a single family dwelling district in the City of Grand Prairie. Bryan v. Darlington, Tex.Civ.App., 207 S.W.2d 681; Livingston v. Davis, 243 Iowa 21, 50 N.W.2d 592, 27 A.L.R.2d 1237; City of Chicago v. Sachs, 1 Ill.2d 342, 115 N.E.2d 762; Langbein v. Board of Zoning Appeals, 135 Conn. 575, 67 A.2d 5.

Apparently our interpretation as above stated is not at variance with the interpretation heretofore put upon the ordinance by the city authorities themselves. The undisputed evidence of both appellee Ruth Finch and the only prosecuting witness, her next door neighbor, is that numerous nurseries for children have been permitted by the city authorities to operate in the City of Grand Prairie—all in single family dwelling districts. We are aware that mere failure in the past to enforce a plain unambiguous ordinance constitutes no defense when enforcement is undertaken. But in cases of doubtful construction, if the circumstances indicate that the city authorities have themselves applied a certain interpretation, their acts and conduct will be accorded some weight by the courts in arriving at a correct interpretation. State ex rel. Richmond Plaza Civic Ass'n v. City of Houston, Tex.Civ.App., 270 S.W.2d 235; Baird v. City of Fresno, 97 Cal.App.2d 336, 217 P.2d 681.

We overrule appellant's points two to five inclusive and point seven.

In its point six appellant points out that the court erred in finding that the penalty for violation of the ordinance is a fine

of $200. The ordinance provides for a fine of only $100. However the mistaken finding is immaterial since this case involves only appellant's application for an injunction. Appellant's point six is overruled.

Finding no reversible error in the record, we affirm the trial court's judgment.