169 N.J. Super. 150 (1979)
404 A.2d 357
JOHN SCHOFIELD AND DORIS SCHOFIELD, PLAINTIFFS-APPELLANTS,
v.
ZONING BOARD OF ADJUSTMENT OF THE TOWNSHIP OF DENNIS, HERBERT SIMMERMAN AND NANCY SIMMERMAN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 11, 1979.
Decided June 25, 1979.
*151 Before Judges CONFORD, PRESSLER and KING.
Mr. Bernard Paul Sypniewski argued the cause for appellants.
Mr. W.M. Balliette, Jr. argued the cause for respondent Zoning Board of Adjustment of the Township of Dennis.
Mr. Michael E. Benson argued the cause for respondents Herbert Simmerman and Nancy Simmerman (Messrs. Tuso, Gruccio, Pepper, Buonadonna, Giovinazzi & Butler, attorneys).
The opinion of the court was delivered by CONFORD, P.J.A.D. (retired and temporarily assigned).
The principal issue on this appeal is whether the conduct of a day-care center for from 12 to 18 children in a residence constitutes a "home occupation" within the provisions of a zoning ordinance permitting such use in a zone restricted primarily to one and two-family dwellings. We conclude the use does not meet the language of the ordinance exception.
In the summer of 1977 defendants Herbert and Nancy Simmerman applied for a variance to operate a newly constructed 786-square-foot addition to their home then being *152 used as a day care center and to hire additional employees. Five members of the seven-member Dennis Township Board of Adjustment heard the application. Four of the five members present voted in favor of the variance, but the resolution did not say what type of variance was being granted, i.e., whether paragraph (c) (bulk variance for hardship) or paragraph (d) (use variance) of N.J.S.A. 40:55D-70. Plaintiffs took an appeal to the township committee but that body disclaimed jurisdiction to entertain the appeal because the variance was regarded as a (c.) variance which was not appealable to the governing body. N.J.S.A. 40:55D-17(a).
Plaintiffs then filed this action in lieu of prerogative writs challenging the variance grant. They contended that the variance could not have been a use variance because two-thirds of the members did not approve it. N.J.S.A. 40:55D-70(d). Moreover, the board of adjustment could not have approved a (c.) (hardship) variance since there was nothing remarkable about the shape, size or topography of the property. Defendants contended that the variance was properly granted, but if it was not, the matter should be remanded for a hearing by the full board on a renewed application for a use variance. The trial judge held that the Simmermans did not need a variance because their day care center was a valid prior nonconforming use and that moving it from their home to the addition did not constitute an expansion of that use. Judgment was entered dismissing the complaint, and plaintiffs appeal.
The pertinent facts are largely undisputed. In June 1974 the Simmermans started to operate a day care center from their home. They served between 12 and 18 children, using almost their entire home. They had facilities for the children in their garage, back porch, kitchen, living room, bathroom and two of their three bedrooms. The day care children also used some of the playground equipment outside the house, although the Simmermans had installed much of that equipment for their two sons. The only part of their home *153 which was off limits to the day care children was the master bedroom, where their two sons apparently slept. The house (pre-addition) contained 1,671 square feet, and 1,561 square feet were available for the children receiving day care.
At all relevant times the Simmerman home, and the 186' x 303' lot upon which it is situated, was located in an R-1 zone. The permitted uses in R-1 districts included one and two-family dwellings, rooming and boarding houses, tourist and nursing homes and home occupations. At the time the Simmermans started their day care center the zoning ordinance defined a home occupation as:
An occupation or profession which is customarily carried on in a dwelling unit or in an accessory building by the member of the family residing on the premises which is clearly incidental and secondary to the use of the main building for residential purposes. Such occupation or profession shall be carried on wholly within the building.
However, in 1975 the township amended the ordinance to define a home occupation much more restrictively, specifically allowing only one person not a resident to be employed therein and only 450 square feet to be used for the purpose.
In the late spring or early summer of 1977 the Simmermans applied for and received a building permit to construct a 24' x 32' addition to their 58' x 24' home. They intended to utilize all of the addition for their day care center, thereby obviating the need to use their house for that purpose. However, they admit that they did not tell the building inspector that the purpose of the addition was to provide facilities for the day care center. They had just about completed the addition when they learned from the building inspector that the zoning ordinance would permit them to use only 450 square feet of it as a day care center. They applied for a variance in order to use the entire addition for that purpose. They also sought a variance to hire two nonresident employees, rather than the one permitted by the ordinance.
*154 At the time of the hearing before the board of adjustment the Simmermans had between 20 and 25 children enrolled for the fall semester. Since the State requires 30 square feet per child they can only take 26 children. They need to have more than 15 children in order to make the operation profitable. At the time of the hearing they had applied for a license from the State, and prior to trial they had received it.
In approving the variance the board of adjustment made the following findings: (1) "The Child Care Center is little more than 15 children in order to make the operation home occupation;" (2) in order to make the day care center economically feasible the Simmermans needed to use the entire 786 square feet of the addition, and (3) "there is a need for a Child Care Center in the Township of Dennis and granting of this variance can be made without substantial detriment to the public good and will not substantially impair the intent and purpose of the Zone Plan and Zoning Ordinance."
On review in the Law Division plaintiffs argued the day care center was not a valid use under the home occupation exception because it was not clearly incidental to the main use of the premises as a residence, but rather vice-versa. The trial judge held that the action of the board of adjustment could and should be validated, not as a grant of a variance, but rather as a declaration under N.J.S.A. 40:55D-70(b) that the use in question was a valid prior nonconforming use as a home occupation which had not been improperly expanded by the addition to the building since the day care center was merely being moved from the house to the smaller addition.
We are clearly of the opinion that the trial judge erred. To the extent that the ruling of the board of adjustment found the use as of prior to the 1975 amendment to constitute a home occupation it ignored the plain language of the definition thereof requiring not only that the occupation be one customarily carried on in a dwelling unit but that it be "clearly incidental * * * to the use of the main *155 building for residential purposes." Assuming that "baby-sitting" could be regarded as a home occupation, that activity does not customarily comprehend the simultaneous care of 12 to 18 children at a time. See Jantausch v. Verona, 41 N.J. Super. 89, 100 (Law Div. 1956), aff'd 24 N.J. 326 (1957). And in respect of the requirement that the home occupation be clearly incidental to the use of the building as a residence, it appears perfectly obvious that this was not so when 1561 square feet of the total of 1671 in the building was used for day care purposes.
This case is one of first impression in this jurisdiction. Decisions elsewhere are not helpful because of differences in legislative language or pertinent facts. See Staker v. Brown, 41 Ohio Misc. 144, 324 N.E.2d 793 (C.P. 1974); City of Grand Prairie v. Finch, 294 S.W.2d 851 (Tex. Civ. App. 1956). Cf. Three L. Corp v. Newark Bd. of Adj., 118 N.J. Super. 453 (Law Div. 1972).
However, our Supreme Court in the Jantausch case, supra, recognized that the principal purpose of the home-occupation provision of the ordinance there (the dispuate was over a beauty parlor in an attached garage) was "to permit only such light occupations in the home that could not change the character of the building from a home to a business or industrial establishment." 24 N.J. at 334. In the present case the intensity of the use of the building as a day care center, the incidence of transportation of the children to and from the building on a daily basis and the occasional noise experienced by neighbors when the children played outdoors[1] seem to us to combine to severely affect the character of the building (pre-addition) as a home.
We are constrained to conclude the day care center was not a valid home occupation use prior to the 1975 amendment of the ordinance. Since the use was never valid, the Simmermans could not be deemed to have had a nonconforming *156 use immune from the more restrictive 1975 ordinance. The day care center always was and still is in violation of the zoning ordinance.
We find entirely without merit the Simmermans' contention that plaintiffs are estopped to complain about the action of the board of adjustment or their presently proposed use of the building.
The Simmermans remain free, of course, to apply for a (d.) variance from the ordinance restrictions as they now stand. We intimate no view as to the potential success of such an application.
Judgment reversed.
NOTES
[1] Note, also, that the ordinance required the occupation to be carried on "wholly within the building."